QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean S. Pak (SBN 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (SBN 251320)
  imanlordgooei@quinnemanuel.com
  Jodie W. Cheng (SBN 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff,
Verkada, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERKADA, INC. | CASE NO. 3:21-cv-6858 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| MOTOROLA SOLUTIONS, INC.; AVIGILON CORPORATION; AVIGILON FORTRESS CORPORATION; AVIGILON PATENT HOLDING 1 CORPORATION; AND AVIGILON TECHNOLOGIES CORPORATION | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Verkada, Inc. ("Verkada" or "Plaintiff") submits this Complaint against Defendants Motorola Solutions, Inc., Avigilon Corporation, Avigilon Fortress Corporation, Avigilon Patent Holding 1 Corporation, and Avigilon Technologies Corporation (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, for a declaratory judgment of non-infringement of patents Defendants have asserted against Verkada in proceedings before the United States International Trade Commission ("USITC").

2. Verkada seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 7,868,912 (the "'912 Patent"), 8,508,607 (the "'607 Patent"), and 10,726,312 (the "'312 Patent") (collectively, the "Asserted Patents"), attached hereto as Exhibits A-C, and any and all other relief the Court deems just and proper.

3. Defendants have filed a complaint with the USITC alleging infringement of the Asserted Patents by Verkada. An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201-2202 between Verkada and Defendants as to whether Verkada is infringing or has infringed the Asserted Patents.

## THE PARTIES

4. Plaintiff Verkada is a Delaware corporation with its principal place of business at 405 E. 4th Avenue, San Mateo, California 94401.

5. On information and belief, Defendant Motorola Solutions, Inc. ("Motorola") is a Delaware corporation with its headquarters and principal place of business at 500 W. Monroe St., Chicago, IL 60661. On information and belief, Motorola acquired the other Defendants in 2018.

6. On information and belief, Defendant Avigilon Corporation ("Avigilon") is a Canadian corporation and subsidiary of Motorola with principal place of business at 555 Robson St. 3rd Floor, Vancouver, British Columbia, V6B 1A6 Canada.

7. On information and belief, Defendant Avigilon Fortress Corporation ("AFC") is a Canadian corporation and subsidiary of Avigilon with principal place of business at 555 Robson St. 3rd Floor, Vancouver, British Columbia, V6B 1A6 Canada.

8. On information and belief, Defendant Avigilon Patent Holding 1 Corporation ("APHC") is a Canadian corporation and subsidiary of Avigilon with principal place of business at 555 Robson St. 3rd Floor, Vancouver, British Columbia, V6B 1A6 Canada.

9. On information and belief, Defendant Avigilon Technologies Corporation ("ATC") is a Canadian corporation and subsidiary of Avigilon with principal place of business at 555 Robson St. 3rd Floor, Vancouver, British Columbia, V6B 1A6 Canada. On information and belief, ATC is the parent of AFC and APHC.

**JURISDICTION AND VENUE**

10. Verkada brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaratory judgment of non-infringement of the Asserted Patents under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws.

11. Personal jurisdiction and venue are proper in this District as to Motorola Solutions, Inc. pursuant to 28 U.S.C. §§ 1391(b) and/or (c) because Motorola has constitutionally sufficient contacts with California to make personal jurisdiction proper in this Court. On information and belief, Motorola does business in this District (*see, e.g.*, https://www.motorolasolutions.com/content/dam/msi/docs/en_us/field_marketing/West/nor_ca_promo_q4_2017.pdf), including through Avigilon. On information and belief, Motorola also employs several dozen employees in this District.

12. Personal jurisdiction and venue are proper in this District as to Avigilon, AFC, APHC, and ATC pursuant to 28 U.S.C. §§ 1391(b) and/or (c) because Avigilon has constitutionally sufficient contacts with California to make personal jurisdiction proper in this Court. On information and belief, Avigilon does business in this District (*see, e.g.*, https://www.avigilon.com/news/releases/avigilon-security-solutions-selected-to-protect-the-city-

of-san-francisco%E2%80%99s-historic-union-square), including through its Regional Sales Director, William Kennedy. Avigilon also partners with multiple companies located in this District (*see* https://www.avigilon.com/how-to-buy/partner-locator) in order to provide integrated solutions to customers located in California (*see, e.g.*, https://www.avigilon.com/partners/technology-partner-program). Further, Avigilon, AFC, APHC, and ATC are foreign corporations that do not reside in the United States and, therefore, may be sued in any United States judicial district, including this District.

13. An actual, substantial, and justiciable controversy exists between Verkada and Defendants as to whether Verkada infringes the Asserted Patents. On August 9, 2021, Defendants filed a complaint with the USITC (the "USITC Complaint") under Section 337 of the Tariff Act of 1930. The USITC Complaint alleges the Verkada infringes the Asserted Patents through the manufacture and importation of certain video security equipment and systems, related software, components thereof, and products containing the same, including Verkada's Dome, Mini, Fisheye, Bullet, and D-Series series of products. A true and correct copy of the USITC Complaint is attached hereto as Exhibit D.

## INTRADISTRICT ASSIGNMENT

14. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

15. Plaintiff Verkada is a startup company based in San Mateo, California and founded in 2016 by computer scientists and security experts who graduated from Stanford University and the former co-founder and Chief Operating Officer of enterprise Wi-Fi startup, Meraki, which was acquired by Cisco Systems in 2012. Verkada builds modern security solutions that help enterprises run safer, smarter buildings, including through Verkada's line of smart security cameras and accessories that operate in conjunction with Verkada's intelligent, cloud-based software.

16. Since its founding in 2016, Verkada has grown rapidly and continues to gain and grow its share of the enterprise physical security market. Indeed, more than 6,000 organizations, including over thirty Fortune 500 companies, use Verkada to protect people and assets, secure

facilities, and gain new insights that improve the efficiency of their operations. Verkada's vision is to be the operating system that runs every building in the world.

17. Competitors, such as Avigilon, have taken note. Instead of competing with Verkada in the market, Defendants have sought to effectively shut Verkada's business down. On August 9, 2021, Motorola, in conjunction with Avigilon and their related subsidiaries (i.e., the Defendants), filed the USITC Complaint seeking to exclude importation of Verkada's entire current line of security cameras as allegedly infringing Defendants' Asserted Patents. *See* Exh. D. Defendants have also asked the USITC to issue permanent cease and desist orders preventing Verkada "from marketing, distributing, selling, offering for sale, warehousing inventory for distribution, or otherwise transferring or importing into the United States the infringing video security equipment and systems, related software, components thereof, and/or products containing same." *Id*.

18. In the USITC Complaint, Defendants accuse the Verkada Dome Series, the Verkada Mini Series, the Verkada Fisheye Series, the Verkada Bullet Series, and the Verkada D-Series of security cameras of infringing the following claims and patents: 1) claims 1-4 and 6-36 of the '912 Patent; 2) claims 1-4, 6, 7, 10-13, 15, 16, 19-21, 25, 26, and 29 of the '607 Patent; and 3) claims 1-16 of the '312 Patent.

19. Verkada denies Defendants' allegations and, thus, there is a substantial and present controversy between Verkada and Defendants. Verkada and Defendants have adverse legal interests with respect to the question of infringement of the Asserted Patents. Given the above, this dispute between Verkada and Defendants is immediate and real.

## **ASSERTED PATENTS**

20. The '912 Patent, entitled "Video Surveillance System Employing Video Primitives," issued on January 11, 2011, based on U.S. Patent Application No. 11/098,385, filed on April 5, 2005. The '912 Patent is a continuation-in-part of U.S. Patent Application No. 11/057,154, filed on February 15, 2005, which is a continuation-in-part of U.S. Patent Application No. 09/987,707, filed on November 15, 2001 and now abandoned, which is a continuation-in-part of U.S. Patent Application No. 09/694,712, filed on October 24, 2000 and now U.S. Patent No. 6,954,498. According to Defendants, AFC is the owner and assignee of the '912 Patent.

21. The '607 Patent, entitled "Method and System for a Programmable Camera for Configurable Security and Surveillance Systems," issued on August 13, 2013, based on U.S. Patent Application No. 11/219,951, filed on September 6, 2005. According to Defendants, APHC is the owner and assignee of the '607 Patent.

22. The '312 Patent, entitled "System and Method for Appearance Search," issued on July 28, 2020, based on U.S. Patent Application No. 15/832,654, filed on December 5, 2017. The '312 Patent claims the benefit of U.S. Provisional Patent Application No. 62/527,894, filed on June 30, 2017, and U.S. Provisional Patent Application No. 62/430,292, filed on December 5, 2016. According to Defendants, Avigilon is the owner and assignee of the '312 Patent.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '912 PATENT

23. Verkada incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

24. Defendants claim to own all right, title, and interest in the '912 Patent by assignment—specifically, Defendants claim that AFC is the owner and assignee of the '912 Patent.

25. In the USITC Complaint, Defendants allege that Verkada's accused security camera products and software infringe the '912 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

26. Verkada does not directly or indirectly infringe, either literally or under the doctrine of equivalents, all of the claim limitations of any claim of the '912 Patent. Additionally, Verkada's accused security camera products and software have not infringed and do not infringe any claim of the '912 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all

1 configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

27. Declaratory relief is necessary and appropriate so Verkada may ascertain its rights regarding the '912 Patent.

28. Verkada therefore respectfully requests that this Court declare that neither Verkada nor Verkada's accused security camera products and software directly or indirectly infringe, whether literally or under the doctrine of equivalents, any claim of the '912 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '607 PATENT

29. Verkada incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

30. Defendants claim to own all right, title, and interest in the '607 Patent by assignment—specifically, Defendants claim that APHC is the owner and assignee of the '607 Patent.

31. In the USITC Complaint, Defendants allege that Verkada's accused security camera products and software infringe the '607 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

32. Verkada does not directly or indirectly infringe, either literally or under the doctrine of equivalents, all of the claim limitations of any claim of the '607 Patent. Additionally, Verkada's accused security camera products and software have not infringed and do not infringe any claim of the '607 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-

1 TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

33. Declaratory relief is necessary and appropriate so Verkada may ascertain its rights regarding the '607 Patent.

34. Verkada therefore respectfully requests that this Court declare that neither Verkada nor Verkada's accused security camera products and software directly or indirectly infringe, whether literally or under the doctrine of equivalents, any claim of the '607 Patent.

## COUNT III

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '312 PATENT

35. Verkada incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

36. Defendants claim to own all right, title, and interest in the '312 Patent by assignment—specifically, Defendants claim that Avigilon is the owner and assignee of the '312 Patent.

37. In the USITC Complaint, Defendants allege that Verkada's accused security camera products and software infringe the '312 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

38. Verkada does not directly or indirectly infringe, either literally or under the doctrine of equivalents, all of the claim limitations of any claim of the '912 Patent. Additionally, Verkada's accused security camera products and software have not infringed and do not infringe any claim of the '312 Patent, including (a) the Verkada Dome Series, such as the CD31, CD41, CD51, and CD61 products in all configurations; (b) the Verkada Mini Series, such as the CM41, CM41-E, and CM61 products in all configurations; (c) the Verkada Fisheye Series, such as the CF81-E product in all configurations; (d) the Verkada Bullet Series, such as the CB51-E, CB61-E, CB51-TE, and CB61-

TE products in all configurations; and (e) the Verkada D-Series, such as the D30, D40, D50, and D80 products in all configurations.

39. Declaratory relief is necessary and appropriate so Verkada may ascertain its rights regarding the '312 Patent.

40. Verkada therefore respectfully requests that this Court declare that neither Verkada nor Verkada's accused security camera products and software directly or indirectly infringe, whether literally or under the doctrine of equivalents, any claim of the '312 Patent.

## PRAYER FOR RELIEF

Verkada respectfully requests the following relief:

A. That the Court enter a judgment declaring that Verkada has not infringed and does not infringe, directly or indirectly, any enforceable claim of the '912 Patent, either literally or under the doctrine of equivalents;

B. That the Court enter a judgment declaring that Verkada has not infringed and does not infringe, directly or indirectly, any enforceable claim of the '607 Patent, either literally or under the doctrine of equivalents;

C. That the Court enter a judgment declaring that Verkada has not infringed and does not infringe, directly or indirectly, any enforceable claim of the '312 Patent, either literally or under the doctrine of equivalents;

D. That the Court enter a judgment in favor of Verkada and against Defendants on all of Verkada's claims;

E. That the Court find this case is exceptional under 35 U.S.C. § 285 and award Verkada its attorneys' fees, costs, and expenses incurred in this action;

F. That the Court award Verkada any and all other relief to which Verkada is entitled;

G. That the Court award Verkada any and all other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Verkada hereby demands a jury trial on all issues and claims so triable.

DATED: September 2, 2021                    Respectfully Submitted,

By */s/ Sean S. Pak*

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
Jodie W. Cheng (SBN 292330)
jodiecheng@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff
Verkada, Inc.*