QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Sean S. Pak (SBN 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (SBN 251320)
  imanlordgooei@quinnemanuel.com
  Jodie W. Cheng (SBN 292330)
  jodiecheng@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff,*
*Verkada, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VERKADA, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>MOTOROLA SOLUTIONS, INC.;<br>AVIGILON CORPORATION; AVIGILON<br>FORTRESS CORPORATION; AVIGILON<br>PATENT HOLDING 1 CORPORATION;<br>and AVIGILON TECHNOLOGIES<br>CORPORATION<br><br>        Defendants. | Case No. 3:21-cv-06858-JD<br><br>**PLAINTIFF'S NOTICE OF MOTION<br>AND UNOPPOSED MOTION TO STAY<br>PURSUANT TO 28 U.S.C. § 1659**<br><br>Date:  November 18, 2021<br>Time:  10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato |

## <u>NOTICE OF UNOPPOSED MOTION AND MOTION</u>

PLEASE TAKE NOTICE that, in the event this unopposed motion requires a hearing, on November 18, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 11, 19th Floor, of the United States District Court for the Northern District of California, San Francisco Division, located at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Verkada, Inc. ("Verkada" or "Plaintiff") will and hereby does move the Court for an order staying all proceedings in this action pursuant to 28 U.S.C. § 1659 pending resolution of *In the Matter of Certain Video Security Equipment and Systems, Related Software, Components Thereof, and Products Containing Same*, U.S. International Trade Commission, Inv. No. 337-TA-1281 (the "1281 Investigation").

Plaintiff's motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all matters of which the Court may take judicial notice, other pleadings on file in this action, and other written or oral argument that Plaintiff may present to the Court.

Counsel for Defendants Motorola Solutions, Inc., Avigilon Corporation, Avigilon Fortress Corporation, Avigilon Patent Holding 1 Corporation, and Avigilon Technologies Corporation (collectively, "Defendants") have indicated they do not oppose Plaintiff's motion.

## <u>RELIEF REQUESTED</u>

Plaintiff requests that the Court stay all proceedings in this action pending resolution of the 1281 Investigation involving the same parties and patents pursuant to the statutory requirements of 28 U.S.C. § 1659.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      INTRODUCTION**

Plaintiff Verkada submits this unopposed motion to stay this action pursuant to 28 U.S.C. § 1659 until the determination of the Commission becomes final in the related 1281 Investigation pending before the U.S. International Trade Commission ("ITC") under section 337 of the Tariff Act of 1930.  Because the ITC has instituted the 1281 Investigation naming Verkada as the respondent and accusing Verkada of infringing the same patents at issue in this case, and because Verkada is timely making this request to stay, 28 U.S.C. § 1659(a) requires the Court to stay proceedings in this case.  Verkada's motion would avoid piecemeal litigation of the same issues in two separate forums.  Moreover, Defendants' counsel has indicated they do not oppose staying this case pending final resolution of the ITC's investigation.

**II.      RELEVANT FACTS**

On August 9, 2021, Defendants filed a complaint with the ITC seeking to exclude importation of Verkada's entire line of security cameras as allegedly infringing Defendants' U.S. Patent Nos. 7,868,912 (the "'912 Patent"), 8,508,607 (the "'607 Patent"), and 10,726,312 (the "'312 Patent") (collectively, the "Asserted Patents").  Verkada filed this action on September 2, 2021 seeking declaratory relief, including declaratory judgment of non-infringement of the Asserted Patents.  Dkt. No. 1.  The patents and claims at issue in this action are the same ones raised by Defendants against Verkada in the 1281 Investigation.

On September 8, 2021, the ITC instituted the 1281 Investigation entitled *Certain Video Security Equipment and Systems, Related Software, Components Thereof, and Products Containing Same*, by publication of a Notice of Institution in the Federal Register on September 14, 2021.

**III.      LEGAL AUTHORITY**

Under Section 1659 of Title 28, upon "the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission."  28 U.S.C. § 1659(a).  This stay is mandatory and must be granted if made within thirty days from the later of

(1) the party being named a respondent in a proceeding before the ITC, or (2) the filing of the district court action. 28 U.S.C. § 1659(a)(1)–(2); *see also In re Remy Cointreau USA, Inc.*, 541 F. App'x 985, 987 (Fed. Cir. 2013) (upholding the district court's stay of all proceedings under 28 U.S.C. § 1659(a) until the ITC proceedings became final).

## IV.    ARGUMENT

The 1281 Investigation involves each one of the Defendants in this action as a complainant, and Plaintiff Verkada as the respondent. The same Asserted Patents at issue in the 1281 Investigation are the subject of Verkada's request for declaratory judgment of non-infringement in this action and, thus, the same issues in this action are also at issue in the 1281 Investigation. Additionally, Verkada's instant motion to stay is being filed within 30 days of this civil action, which was filed on September 2, 2021. Accordingly, 28 U.S.C. § 1659(a) mandates that this action be stayed until the determination of the Commission becomes final in the 1281 Investigation.

Moreover, although they have not yet entered their appearance in this case,[1] counsel for Verkada communicated with counsel for Defendants via emails dated between September 27 and 29, 2021 regarding this Motion, and Defendants' counsel advised they do not oppose Plaintiffs' Motion without prejudice to their ability to raise any motions or defenses under Rule 12 or any other defenses, affirmative defenses, or counterclaims.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Verkada respectfully requests that the Court stay this action under 28 U.S.C. § 1659(a).

---

[1] Plaintiff's counsel has been in communication with Defendants' counsel regarding waiver of service of summons of the complaint in this case. To the extent Defendants do not agree to waiver, Plaintiff plans to effectuate service notwithstanding this Motion and any stay resulting therefrom.

DATED: October 1, 2021

Respectfully Submitted,

By */s/ Sean S. Pak*

Sean S. Pak (SBN 219032)
  seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
  imanlordgooei@quinnemanuel.com
Jodie W. Cheng (SBN 292330)
  jodiecheng@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff*
*Verkada, Inc.*

UNOPPOSED MOTION TO STAY